# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

GERMAN E. HENDERSON,

                     : 

         Plaintiff,                        Case No. 3:04-cv-349

                     :                District Judge Thomas M. Rose

      -vs-                              Magistrate Judge Michael R. Merz

JOHN E. POTTER, Postmaster General,

                     :

         Defendant.

---

## REPORT AND RECOMMENDATIONS; ORDER TO CLERK

---

        Plaintiff brought this action *in forma pauperis* against the Postmaster General of the United States and the Eastern Area Manager of the U.S. Postal Service.  The case is before the Court for review prior to issuance of process.

        Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  28 U.S.C. §1915(e)(2) as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>      (A) the allegation of poverty is untrue; or
>      (B) the action or appeal --
>      (i) is frivolous or malicious;
>      (ii) fails to state a claim upon which relief can be granted; or
>      (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*,

1

490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).    In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong.  Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F. 3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F. 2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349.  Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F. 2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). §1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status.  *Benson v. O'Brian,* 179 F. 3d 1014 (6th Cir. 1999).  Filing an *in forma pauperis* application tolls the statute of limitations.  *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F. 3d 644, 648 (6th Cir. 1998)(federal question cases).

In his Complaint, Plaintiff states two claims for relief.  In the First Claim he asserts that some unknown Postal Service employee, intending to interfere with the administration of justice, submitted false or misleading evidence to the National Labor Relations Board concerning his Christmas pay in 2001.  In the Second Claim he asserts that some unknown Postal Service employee, intending to interfere with the administration of justice, submitted false or misleading evidence about him to the Merit Systems Protection Board.

If Plaintiff were seeking to affect the outcome of proceedings before the NLRB or the MSPB by this action, it would be improper to bring a case in federal court to do so, at least in the first instance. Rather, a claim that evidence is false or misleading should be made to the administrative tribunal considering the matter in the first instance.

However, Plaintiff does not ask this Court to intervene in those proceedings. Instead, he asks for punitive damages against the named Defendants.

The Complaint as drafted does not state a claim for relief against the named Defendants. The Complaint purports to sound in tort, but it does not allege that the named Defendants had anything to do with the submission of the allegedly false or misleading evidence, but merely that they are somehow associated in employment with the Postal Service. Furthermore, to recover tort damages against the named Defendants for acts done in the scope of their employment, Plaintiff would first have to file a claim under the Federal Tort Claims Act.

Because the Complaint does not set forth any wrongful acts alleged to have been done by either of the named Defendants, it is respectfully recommended that the Complaint be dismissed without prejudice[1] for failure to state a claim upon which relief can be granted.

The Clerk is ordered not to issue process pending a ruling on this Report.

October 19, 2004.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically

---

[1]"Without prejudice" means without a ruling on the merits. This means the Plaintiff would be able to refile in this or some other court any claims he has related to these allegedly false filings if the Complaint were properly framed and proper defendants were named.

3

extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Henderson v. Potter 01.wpd